## JAMES HARRINGTON *vs.* ASA BROWN.

Arbitrators to whom a matter in dispute and also all accounts outstanding between parties have been submitted have no authority to award concerning the costs of a criminal prosecution instituted by one of the parties against the other, and growing out of the matter in dispute; but although they have exceeded their authority in this respect, payment of the principal sum awarded may be enforced.

An award, made under such a submission, that A. shall pay to B. a certain sum in settlement of all accounts and matters in dispute between them, except that A. may retain a certain portion of that sum as the contribution of B. to the costs of a criminal prosecution against A., and that the parties shall pay the costs in certain specified proportions, is valid in part; and under it B. may recover the sum awarded to him, deducting the sum which A. was authorized to retain out of the same.

CONTRACT upon an agreement in writing executed by the plaintiff and the defendant, reciting that there were matters in dispute between them in regard to the carrying on of the cultivated land of the defendant by the plaintiff, and agreeing "to refer the whole matter in dispute between them, and also all accounts now outstanding between said parties," to three arbitrators who were named.

At the trial in the superior court, before *Vose*, J., without a jury, it appeared that the arbitrators made an award that Brown should " pay to the said James Harrington the sum of one hundred and sixty-five dollars and seventy-four cents, the same to be in settlement of all accounts and matters of dispute between said Brown and Harrington, except that when said Brown shall pay to said Harrington this sum he is authorized to retain and keep back therefrom ten dollars and three cents as the contribution of said Harrington to the costs of the complaint against Brown before Joseph Farley, Esq. And we further determine that said Brown shall pay sixty dollars as the fees of the referees, and three dollars and thirty-seven cents as expense of the court room and digging potatoes to ascertain the amount of the crop. And we further determine that Harrington shall pay one dollar and thirteen cents for expense of court room; the cost of the criminal prosecution to be satisfied by Brown, he being entitled to the aforenamed contribution thereto from Harrington." Prior to the submission, the plaintiff had made a complaint against

the defendant for larceny of produce and barrels, upon which a magistrate had convicted the defendant, but which was then pending in the superior court on appeal. This complaint grew out of matters connected with the management of the defendant's farm by the plaintiff.

The judge rendered judgment in favor of the plaintiff, for $165.74; and the defendant alleged exceptions.

*S. B. Ives, Jr.*, for the defendant.

*J. A. Gillis*, for the plaintiff.

CHAPMAN, J. It is conceded by both parties that the award is void so far as it relates to costs, because the submission did not give power to the arbitrators to award them.

The court are of opinion that it is also void so far as it relates to the costs of the criminal prosecution then pending against Brown for larceny. The submission recites that, whereas there are matters in dispute between the parties in regard to the carrying on of the cultivated land of Brown, they agree to refer the whole matter in dispute between them and also all accounts now outstanding between them. But although the prosecution against Brown for larceny was upon the complaint of Harrington, and the produce and barrels which he was charged with having stolen were connected with the farm, yet the prosecution was in behalf of the Commonwealth, and the liability of Brown for costs was not to Harrington, nor had Harrington any control over the costs of the prosecution. The prosecution was still pending, and it would be against public policy to permit these parties to settle the question of liability as a private question between them. The submission is not therefore to be construed as including such a matter, and the award is void as to those costs.

This portion of the award being void, it remains to be considered whether any part of it can stand. The sum of $165.74 is awarded to Harrington in settlement of all accounts and matters of dispute between them, except that when Brown shall pay to Harrington this sum he is authorized to retain and keep back therefrom ten dollars and three cents as the contribution of said Harrington to the costs of the complaint against said Brown

It does not clearly appear whether or not the arbitrators would have awarded to Harrington so large a sum as they did, if they had not authorized Brown to make this deduction from it. We cannot, therefore, say that these two sums have no connection with each other, and set aside the award as to the $10.03 while we affirm it as to the $165.74. If then the plaintiff desires judgment, he should remit the $10.03. If this sum is remitted, the award should be regarded as valid for $155.71, because all the other sums awarded are independent of it.

*Exceptions overruled, if plaintiff will remit $10.03 ; otherwise exceptions sustained.*